

FILED 3 JUN '11 14:53 USDC-ORP

**DAVID P. COOPER, OSB No. 880367**
Email: cooper@khpatent.com
**CARLA TODENHAGEN, OSB No. 065283**
Email: carla@khpatent.com
**KOLISCH HARTWELL, P.C.**
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SWALLOW TRADING CO., LTD.** )<br>**dba SWALLOW SKI COMPANY,** )<br>a Japanese corporation, )<br>)<br>        **Plaintiff**, )<br>)<br>        v. )<br>)<br>**SNOWJAM LLC,** a Massachusetts limited )<br>liability corporation, **TZY SHENQ** )<br>**ENTERPRISE CO., LTD.,** a Taiwanese )<br>corporation, **LAP HING GROUP LTD.,** a )<br>Chinese corporation, **NINGBO HELI** )<br>**SPORTS CO., LTD.** and **MATRIX SPORT** )<br>**GOODS CO., LTD.,** both Chinese )<br>corporations. )<br>        **Defendants**. ) | No.   **3:11-CV-635-ST**<br><br>**FIRST AMENDED COMPLAINT FOR**<br>**FEDERAL FALSE DESIGNATION OF**<br>**ORIGIN, UNFAIR COMPETITION,**<br>**BREACH OF CONTRACT AND**<br>**UNLAWFUL BUSINESS, TRADE**<br>**PRACTICES**<br><br>**JURY TRIAL DEMANDED** |

Page 1 -     First Amended Complaint for Federal False Designation of Origin, Unfair
             Competition, Breach   of Contract and Unlawful Business, Trade Practices;
             Case No.; 3:11-CV-635-ST; KH File – SLW 601

Plaintiff Swallow Trading Co., Ltd. dba Swallow Ski Company (Swallow Ski) alleges as follows, based upon actual knowledge with respect to Plaintiff and Plaintiff's acts, and based upon information and belief with respect to all other matters, against Defendants Snowjam LLC, TZY Shenq Enterprise Co., Ltd. (TZY), Lap Hing Group Ltd. (Lap Hing), Ningbo Heli Sports Co., Ltd (Ningbo Heli), Matrix Sport Co., Ltd. (Matrix) (collectively, TZY, Lap Hing, Ningbo Heli and Matrix are referred to as Defendants):

## NATURE OF THE CASE

1.      This is a civil action for federal false designation of origin, unfair competition in violation of 15 U.S.C. § 1125(a), breach of contract under Oregon law and unlawful business, trade practices under ORS 646.605 *et seq.*

## PARTIES

2.      Plaintiff Swallow Ski is a Japanese corporation located at 771 liyama-shi, Nagano-ken, 389-22, Japan.

3.      Defendant Snowjam LLC is a Massachusetts limited liability corporation having a principal place of business at 5 Timberline road, Millis, MA 02054.

4.      Defendant TZY is a Taiwanese corporation located at No. 75, Lane 476, Sec. 2, Yung Ping Rd., Taiping City Taichung Hsien, Taiwan, R.O.C.

5.      Defendant Lap Hing is a Chinese corporation located at RMS 805-6 Decca Industrial Center, 12 Kut Shing Street, Chaiwan, Hong Kong, China.

6.      Defendant Ningbo Heli is a Chinese corporation located at No. 44 West Jinnan Road Dancheng Xiangshan Ningbo Zhejiang 315700, China.

Page 2 -      First Amended Complaint for Federal False Designation of Origin, Unfair Competition, Breach   of Contract and Unlawful Business, Trade Practices; Case No.; 3:11-CV-635-ST; KH File – SLW 601

7.      Defendant Matrix is a Chinese corporation located at No. 167 Yuanzhong Road Dancheng Xiangshan Ningbo Zhejiang 315700, China.

## JURISDICTION AND VENUE

8.      This Court has federal question subject matter jurisdiction of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

9.      This Court has supplemental jurisdiction over Swallow Ski's Oregon breach of contract and unlawful business, trade practices claims. In particular, Swallow Ski's Oregon breach of contract and unlawful business, trade practices claims form part of the same case or controversy as Swallow Ski's claims arising under federal trademark law. Therefore, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

11.     Since the 1950's, Plaintiff Swallow Ski has been developing and manufacturing innovative and high quality winter sporting equipment. Today, Swallow Ski is one of the world's leading ski and snowboard manufacturers, with product distribution in Asia, Europe, Australia and North America.

12.     In 1996, Swallow Ski developed a line of ZUMA brand snowboards, which has grown with the sport's ever-increasing global popularity, and has evolved to meet market demands with the latest technology developments.

13.     Since 1996, Swallow Ski established U.S. trademark rights in the mark ZUMA for snowboards and related snowboarding equipment, and recently filed a federal registration application for that mark with the U.S. Patent and Trademark Office.   Swallow Ski's U.S.

Page 3 -      First Amended Complaint for Federal False Designation of Origin, Unfair
              Competition, Breach   of Contract and Unlawful Business, Trade Practices;
              Case No.; 3:11-CV-635-ST; KH File – SLW 601

Trademark Application was given serial no. 85320911, and in that application, Swallow Ski seeks registration of the trademark rights it established in 1996 for the mark "ZUMA" for snowboards and related snowboarding equipment, including snowboard bindings and boots in International Classes 28 and 25, respectively. A copy of that Trademark Application is appended hereto as Exhibit 1.

14.     In 1996, Swallow Ski entered into an oral agreement with Steven Wolf, of Wayland, Massachusetts, to license use of Swallow Ski's "ZUMA" trademark for snowboards and snowboard related goods and accessories in the U.S. Swallow Ski and Mr. Wolf memorialized the terms of that agreement in a written Trademark License and Distribution Agreement appended hereto as Exhibit 2 (the "Agreement").

15.     Under the Agreement, and from about 1996 to 2008, Mr. Wolf used his company Snowjam Inc., a Massachusetts corporation, to market and sell high-quality snowboards and accessories for riders of all skill levels throughout the U.S.

16.     Under the Agreement, Mr. Wolf is licensed to distribute snowboards and snowboard related goods having the ZUMA mark, either manufactured by Swallow Ski or a third party manufacturer, in exchange for payment of a license fee, including Swallow Ski's manufacture fee for the snowboards supplied to Mr. Wolf. Exhibit 2, sections 2 and 3.

17.     The Agreement further provides that Swallow Ski owns the ZUMA mark and that all goods sold by Mr. Wolf having the ZUMA mark are subject to Swallow Ski's quality control requirements. Exhibit 2, section 2.1(a).

18.    Swallow Ski marketed its ZUMA brand snowboards and related goods in the U.S. solely through Mr. Wolf and copies of representative samples of Swallow Ski's U.S. promotional materials for its ZUMA brand are appended hereto as Exhibit 3.

19.    Swallow Ski's ZUMA brand snowboards, boots and accessories have been actively promoted throughout the U.S. For example, in early 2004, ZUMA snowboards became a major sponsor of U.S. professional snowboarder Christopher (Chris) Runge. A copy of a 2005/2006 Swallow Ski catalog advertising the sponsorship is appended hereto as Exhibit 4 and a U.S. magazine article regarding the sponsorship is appended hereto as Exhibit 5.

20.    In August, 2008, Mr. Wolf sold the assets of Snowjam Inc. to Defendant TZY Shenq Enterprise Co., Ltd., and in December, 2008, Mr. Wolf dissolved Snowjam, Inc. A copy of Snowjam Inc.'s Massachusetts incorporation records is appended hereto as Exhibit 6. Mr. Wolf's sale of assets to TZY did not include Mr. Wolf's U.S. rights to the ZUMA brand under the Agreement with Swallow Ski.

21.    In May, 2008, Defendant TZY formed Defendant Snowjam LLC. A copy of Snowjam LLC's Massachusetts incorporation record is appended hereto as Exhibit 7.

22.    For over two years, from about August, 2008 to January, 2011, Defendant SnowJam LLC sold ZUMA snowboards in the U.S. according to an oral agreement with Swallow Ski ("the Oral Agreement") that was similar to the Agreement between Swallow Ski and Mr. Wolf. Specifically, under the Oral Agreement, Defendant SnowJam LLC was only permitted to use the ZUMA brand on snowboards manufactured by Swallow Ski.

Page 5 -        First Amended Complaint for Federal False Designation of Origin, Unfair
                Competition, Breach   of Contract and Unlawful Business, Trade Practices;
                Case No.; 3:11-CV-635-ST; KH File – SLW 601

23.    On March 23, 2011, Defendant Snowjam LLC, knowing that Swallow Ski owned the ZUMA brand for snowboards, snowboards boots and accessories, fraudulently filed U.S. Trademark Application Serial No. 85274076 to register the mark ZUMA for snowboard boots, claiming a first use date of May 29, 2008. A copy of the application is appended hereto as Exhibit 8.

24.    Since March, 2011, Swallow Ski learned that Defendant SnowJam LLC is distributing ZUMA brand snowboards in the U.S. Swallow Ski has not manufactured those snowboards, and it believes that those snowboards are manufactured with ZUMA labels by Defendants Ningbo Heli and Matrix, and that corresponding snowboard bindings for those snowboards are manufactured by Defendant TZY.

25.    Swallow Ski also recently learned that Defendant SnowJam LLC is distributing snowboard boots and accessories that are manufactured by Defendant Lap Hing.

26.    Defendants' 2011 activities involving commercial use of Swallow Ski's ZUMA brand have not been authorized by Swallow Ski.

CLAIM 1 – Federal False Designation of Origin and False Description (all Defendants)

27.    This claim is for false designation of origin and false description under 15 USC § 1051 et seq. and particularly § 1116, 1117, 1125(a) thereof.

28.    Swallow Ski hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

29.    Defendants' knowing and intentional unauthorized use of a mark identical to Swallow Ski's mark in association with Defendants' goods has been, and continues to be, a false designation that Defendants' products are derived from, or affiliated with, Swallow Ski's products.

Page 6 -        First Amended Complaint for Federal False Designation of Origin, Unfair
        Competition, Breach  of Contract and Unlawful Business, Trade Practices;
        Case No.; 3:11-CV-635-ST; KH File – SLW 601

30.    Defendants' improper use of a mark identical to Swallow Ski's mark has caused, and is likely to continue to cause, consumer confusion including a mistaken belief that Defendants are affiliated with Swallow Ski, that Defendants' products and services are sponsored by or approved by Swallow Ski, and/or that Defendants are otherwise associated with Swallow Ski or authorized by Swallow Ski to use the ZUMA mark in connection with Defendants' goods.

31.    As a result of the unauthorized activities described above, and in violation of 15 U.S.C. § 1125(a), Defendants have used and continue to use false designations of origin of Defendants' goods, false or misleading descriptions of fact, and false or misleading representations of fact, each of which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Swallow Ski, or as to the origin, sponsorship, or approval of Defendants' goods and services by Swallow Ski. Furthermore, Defendants' acts are willful and intentional.

32.    Swallow Ski is entitled to recover Defendants' profits, any damages sustained by Swallow Ski, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest. 15 U.S.C. § 1117.

33.    Defendants' willful and intentional acts of unfair competition, false designation of origin, and false description have caused irreparable injury and damage to Swallow Ski's business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified and, if allowed to continue, will leave Swallow Ski with no adequate remedy at law. Swallow Ski is entitled to preliminary and permanent injunctive relief to prevent further acts of unfair competition, false designation of origin, and false description, and to any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116 and due to the irreparable injury to Swallow Ski resulting

Page 7 -        First Amended Complaint for Federal False Designation of Origin, Unfair Competition, Breach   of Contract and Unlawful Business, Trade Practices; Case No.; 3:11-CV-635-ST; KH File – SLW 601

from Defendants' acts.

<u>CLAIM 2 – Oregon Breach of Contract (Defendant SnowJam LLC)</u>

34.     This claim is for breach of contract under Oregon law.

35.     Swallow Ski hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

36.     By selling snowboards and related goods under the ZUMA trademark without purchasing the snowboards from Swallow Ski, Defendant SnowJam LLC has breached its oral agreement with Swallow Ski.

37.     By applying for a U.S. trademark registration of the mark ZUMA and alleging ownership of the mark, Defendants have also breached the Oral Agreement because that agreement involved a recognition that Swallow Ski owned the ZUMA mark.

38.     As a direct and proximate result of Defendants' breach, Swallow Ski has suffered, and will suffer, contract damages and attorneys fees, costs of suit, and pre- and post-judgment interest, to be more specifically determined at trial.

<u>CLAIM 3 – Oregon Unlawful Business, Trade Practices (all Defendants)</u>

39.     This claim is for unlawful business, trade practices arising under ORS 646.605 through 646.652, Oregon's Unlawful Trade Practices Act (OUTPA), including at least ORS 646.608.

40.     Swallow Ski hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

Page 8 -     First Amended Complaint for Federal False Designation of Origin, Unfair Competition, Breach  of Contract and Unlawful Business, Trade Practices; Case No.; 3:11-CV-635-ST; KH File – SLW 601

41.     Defendants have caused, and continue to cause, a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval, or certification of its goods and services sold under a mark identical to Swallow Ski's, by committing the acts alleged above.

42.     Defendants have caused, and continue to cause, a likelihood of confusion or a misunderstanding as to Defendants' affiliation, connection, association with, or certification by Swallow Ski, by committing the acts alleged above.

43.     Swallow Ski is entitled to recover compensatory and punitive damages in an amount to be determined at trial, plus an award of attorney fees and prejudgment interest, pursuant to ORS 646.638.

44.     Swallow Ski is also entitled to preliminary and permanent injunctive relief ordering Defendants, and anyone acting in concert with Defendants, to immediately stop its unlawful trade practices and to provide corrective advertising to disclaim any association between Defendants and Swallow Ski, and any other relief the Court deems appropriate.

WHEREFORE, Swallow Ski prays for judgment as follows:

1.     That Defendants be preliminarily and permanently enjoined from all false designation of origin, and unfair business and trade practices;

2.     That Defendant SnowJam LLC be preliminarily and permanently enjoined from breaching the Agreement;

3.     That Defendants' be required to deliver up to Swallow Ski any and all product and product packaging, labels, displays, advertising or other materials in the possession of Defendants, or under their control, that include or infringe any of Swallow Ski's trademark rights, including any snowboards, snowboard boots, other snowboard-related goods, drawings,

Page 9 -     First Amended Complaint for Federal False Designation of Origin, Unfair
             Competition, Breach   of Contract and Unlawful Business, Trade Practices;
             Case No.; 3:11-CV-635-ST; KH File – SLW 601

designs, documents, brochures, web pages, and any other items including the ZUMA mark;

4.    That Defendants be required to supply Swallow Ski with a complete list of parties to whom they have sold, offered to sell, delivered or offered to deliver, directly or indirectly, product infringing Swallow Ski's rights.

5.    That Defendants be required to abandon any U.S. trademark registration application claiming ownership of the mark ZUMA for snowboards and/or snowboard related goods or services.

6.    That Defendants be directed to file with this Court, and serve upon Swallow Ski within thirty (30) days after the service of an injunction, a written report under oath that sets forth in detail the manner and form in which Defendants have complied with the injunction.

7.    That Swallow Ski recover all damages suffered from Defendants' acts including any available federal or state statutory damages, or actual damages and Defendants' profits;

8.    That Swallow Ski recover enhanced damages;

9.    That Swallow Ski recover its reasonable attorney fees, costs and disbursements; and

10.    That Swallow Ski recover such other relief as the Court deems just and proper.

Page 10 -    First Amended Complaint for Federal False Designation of Origin, Unfair Competition, Breach   of Contract and Unlawful Business, Trade Practices; Case No.; 3:11-CV-635-ST; KH File – SLW 601

## JURY DEMAND

Swallow Ski hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

KOLISCH HARTWELL, P.C.

Dated:  June 3, 2011

David P. Cooper, OSB No. 880367
Kolisch Hartwell, P.C.
Attorneys for Plaintiff Swallow Trading Co. Ltd.

Page 11 -    First Amended Complaint for Federal False Designation of Origin, Unfair
Competition, Breach   of Contract and Unlawful Business, Trade Practices;
Case No.; 3:11-CV-635-ST; KH File – SLW 601